MENZIES & FINNELL v. W. W. WILLIAMS, &c. '

Municipalities—Street—Improvements.

> Where an owner of property, has stood by, and saw a city council act on a declaration of a greater number of owners, for street improvement, by doing the work and improving the property, he can not be permitted to refuse payment therefor.

APPEAL FROM KENTON CIRCUIT COURT.

May 17, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

It is distinctly alleged in the petition that the city council passed the ordinance for improving Garrard street, between North and Seventh streets, in said city, etc., setting forth, specifying the manner in which said' improvements were to be made, in accordance with its charter, requiring the work to be let to the lowest bidder, after being properly advertised, and that appellee being the lowest bidder the contract for the work was awarded to him, etc., etc. And it is alleged that the persons owning the larger portion of the ground fronting the improvement, petitioned the council to make the order for the improvement, and from an exhibit filed September 16th, 1870, it appears that appellant signed the petition, which fact is charged and not denied, but appellants do deny that the owners of a majority of feet fronting said improvement signed the petition. And then they allege that the price paid for the improvement is excessive. These are all the issues presented by the pleadings.

As to whether the owners of the greater number of feet fronting said improvement petitioned in writing for the improvement, we deem immaterial, because it is alleged in the petition and shown that the appellants asserted to the council that the owners of a majority of feet had petitioned, and they can not after the city council acted on that declaration and they stood by and saw the work done and their property improved, be permitted to deny what they have asserted to be true, thereby induced others to expend money and labor.

If the price paid for the work done was so excessive as to amount to a fraud, the owners of lots would not be bound to pay it. But that is affirmative matter, of which there is no evidence, and this court does not judicially know that the price paid was so high as to amount to a fraud.

The judgment must, therefore, be *affirmed*.

*Menzies & Furber, for appellant.*
*Fisks, for appellee.*